IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-00811-BO

| | |
|---|---|
| ARTHUR O. ARMSTRONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| JULIE RICHARDS, ) | |
| Clerk of Court, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This cause comes before the Court upon a *pro se* complaint filed by Plaintiff (DE-4), referred to the undersigned for frivolity review.[1] DE-6. Plaintiff's persistent filing of frivolous documents compelled this Court to enter a standing order to curtail his repeated litigation abuses without unduly restricting his access to the Court. *See In re Armstrong*, No. 5:03-CV-941, 2006 WL 3408237, at *3 (E.D.N.C. Jan. 18, 2006), *aff'd*, No. 06-1191 (4th Cir. April 20, 2006) and *Armstrong v. Easley*, No. 5:06-CV-495-D (E.D.N.C. Dec. 12, 2006), *aff'd*, No. 07-1045 (4th Cir. May 3, 2007).[2] Under the January 18, 2006 pre-filing injunction, any complaint filed by Plaintiff "must specifically identify the law(s) which plaintiff alleges was (were) violated and must allege all facts with specificity." The pre-filing injunction also requires the Court to determine whether the complaint is "repetitious and/or frivolous."

In his instant complaint, Plaintiff alleges that on December 14, 2012, Defendant Julie

---

1  Plaintiff's original complaint was not verified (*see* DE-1); he subsequently filed what this Court will construe as an Amended Verified Complaint pursuant to Fed. R. Civ. P. 15(a). DE-4.

2  On March 29, 2013, Judge Fox issued a more restrictive superseding pre-filing injunction against Mr. Armstrong. *See Armstrong v. Woodard*, No. 5:12-cv-805-F, Superseding Permanent Injunction, DE-26. However, as Plaintiff initiated this action on December 17, 2012, the superseding pre-filing injunction issued by Judge Fox on March 29th does not apply to the instant complaint (although it will apply to any further filings submitted by Plaintiff in this case).

Richards, the Clerk of Court for the Eastern District of North Carolina:

> denied Plaintiff total access to the federal court when [she] refused to file plaintiff [*sic*] Rule 60(b)(6) motions from final judgments of January 18, 2006, March 28, 2013, Armstrong v. Beverly Perdue and Armstrong v. Roy Cooper case numbers – 5:11-cv-00073-FL and 5:12-cv-00080-F respectively, and October 22, 2013 Armstrong v. Quentin T. Sumner & Rachel Joyner, No. 5:12-cv-00425-F, without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States.

DE-4 at 2-3. Plaintiff seeks thirty-five million dollars[3] in damages, and "that motion for leave to file the Rule 60(b)(6) motions not be denied." *Id.* The undersigned concludes that Plaintiff's complaint is frivolous and should be dismissed.

A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. This Court is required to liberally construe pro se complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such pro se complaints are held to a less stringent standard than those drafted by attorneys, *id.*; *see also Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93. Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it

---

[3] *Cf. Armstrong v. Virginia*, No. 3:10-cv-802, 2011 WL 1261628, at *6 (E.D. Va. Mar. 16, 2011) (detailing Plaintiff's litigious history and commenting that his damages calculation "appears to be, at best, whimsical").

should do so; however, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). *See also Brown v. EEOC*, No. 4:05-cv-74-H, 2006 U.S. Dist. LEXIS 95997, at *2 (E.D.N.C. May 18, 2006) ("[W]hile the Court must liberally construe the plaintiff's pro se pleadings, the Court will not act as the plaintiff's counsel.").

Here, Plaintiff fails to allege all facts with specificity as required by the pre-filing injunction. Moreover, his claim is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. The Clerk of Court, in enforcing the pre-filing injunction issued by this Court, is immune from suit by virtue of the doctrine of absolute quasi-judicial immunity. *In re Mills*, 287 F. App'x 273, 279 (4th Cir. 2008). "Judges performing judicial acts within their jurisdiction are entitled to absolute immunity from civil liability claims." *Id.*; *see also Dalenko v. Stephens*, 917 F. Supp. 2d 535, 549-50 (E.D.N.C. 2013). This immunity extends to judicial officers for administrative actions "undertaken pursuant to the [judge's] explicit direction." *Mills*, 287 F. App'x at 279 (quoting *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992)). The doctrine encompasses judicial officers in such circumstances due to "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]' " *Kincaid*, 969 F.2d at 601 (quoting *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989)). Plaintiff's claim against Clerk Richards is based on her refusal to file documents in accordance with this Court's "explicit direction," i.e., the pre-filing injunction. His claim is therefore meritless. *See Dalenko*, 917 F. Supp. 2d at 550 (finding that state clerk of court was entitled to quasi-judicial immunity when refusing to docket action due to plaintiff's failure to comply with gatekeeping order).

Thus, in accordance with the pre-filing injunction, the undersigned RECOMMENDS the following:

(1) That Plaintiff's complaint be DISMISSED;

(2) That Plaintiff be SANCTIONED $350.00 (the amount of the filing fee); and

(3) That an appeal from this order would be frivolous.

*See, e.g.*, *Armstrong v. Purdue*, No. 5:11-CV-73-FL (E.D.N.C. Sept. 7, 2011) (dismissal order comparable to that recommended also based on pre-filing injunction).

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Monday, October 7, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE