IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CV-811-BO

| | |
|---|---|
| ARTHUR O. ARMSTRONG )<br>)<br>Plaintiff, )<br>v. )<br>)<br>JULIE RICHARDS, )<br>Clerk of Court, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

This matter is before the Court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge William A. Webb [DE 7] and plaintiff's motion for summary judgment [DE 9]. For the following reasons, the Court ADOPTS the M&R. Plaintiff's claims are DISMISSED in their entirety. Plaintiff's motion for summary judgment is DENIED AS MOOT.

## BACKGROUND

This cause comes before the Court upon a pro se complaint filed by plaintiff. Plaintiff's persistent filing of frivolous documents compelled this Court to enter a standing order to curtail his repeated litigation abuses without unduly restricting his access to the Court. *See In re Armstrong*, No. 5:03-CV-941, 2006 WL 3408237, at *3 (E.D.N.C. Jan. 18, 2006), *aff'd*, No. 06-1191 (4th Cir. April 20, 2006) and *Armstrong v. Easley*, No. 5:06-CV-495-D (E.D.N.C. Dec. 12, 2006), *aff'd*, No. 07-1045 (4th Cir. May 3, 2007). Under the January 18, 2006 pre-filing injunction, any complaint filed by plaintiff "must specifically identify the law(s) which plaintiff alleges was (were) violated and must allege all facts with specificity."

In his instant complaint, plaintiff alleges that on December 14, 2012, defendant Julie Richards, the Clerk of Court for the Eastern District of North Carolina denied his access to the

federal courts by refusing to file his Rule 60(b)(6) motions without due process in violation of the Fourteenth Amendment. Plaintiff seeks $35 million in damages and that he be allowed to file his Rule 60(b)(6) motions.

Magistrate Judge Webb, in his M&R of October 7, 2013, recommended that plaintiff's claims be dismissed as frivolous and that plaintiff be sanctioned $350.

## DISCUSSION

The Court adopts the M&R because plaintiff has made no objections to it and because the M&R is not clearly erroneous or contrary to law. 28 U.S.C. § 636 (b)(1)(B). A district court is only required to review an M&R de novo if the plaintiff specifically objects to it or in cases of plain error. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). The magistrate has not committed plain error in this instance. Although plaintiff has filed what he terms to be a motion for summary judgment and objection, [DE 9], plaintiff fails to actually object to any specific points in Magistrate Judge Webb's M&R. Therefore, the Court ADOPTS the Magistrate Judge's recommendations and DISMISSES plaintiff's complaint in its entirety and SANCTIONS plaintiff in the amount of $350. Because plaintiff's case has been dismissed, his motion for summary judgment is DENIED AS MOOT and the clerk is directed to enter judgment accordingly and close the file.

SO ORDERED, this ㅗ9 day of October, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE